IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

CHARLES LEWIS BOBO,

    Plaintiff,

v.

WASHINGTON STATE
DEPARTMENT OF SOCIAL
AND HEALTH SERVICES,

    Defendant.

Case No. 6:14-cv-01069-AA
OPINION AND ORDER

Charles Lewis Bobo
General Delivery
Seattle, WA 98101
    Pro se plaintiff

Joseph Christy
Washington State Attorney General's Office
7141 Cleanwater Drive SW
P.O. Box 40124
Olympia, WA 98504
    Attorney for defendant

Page 1 - OPINION AND ORDER

AIKEN, Chief Judge:

This is another in a long line of lawsuits instituted by pro se plaintiff Charles Bobo. Here, plaintiff filed a complaint against defendant Washington State Department of Social and Health Services. Defendant moves to dismiss plaintiff's claims pursuant to 28 U.S.C. § 1915(e) and Fed. R. Civ. P. 12(b). For the reasons set forth below, defendant's motion is granted and this case is dismissed.

## BACKGROUND

Defendant is an agency of the State of Washington that provides public subsidy benefits. On November 3, 2004, defendant sent plaintiff a notice stating that certain steps, such as participation in mental health treatment, were necessary for him to maintain his eligibility for disability benefits. Defendant sent similar letters in 2005, 2008, and 2010. In each instance, plaintiff did not respond.

On July 3, 2014, plaintiff filed a complaint with this Court, alleging that defendant committed wrongful "conduct [in] Sept. 2004." Compl. at pg. 3. Although difficult to decipher, plaintiff's allegations implicate a deprivation of rights, such that the Court construes his complaint as asserting a claim for the wrongful termination of benefits under 42 U.S.C. § 1983.[1] Plaintiff seeks

---

[1] Plaintiff does not expressly identify 42 U.S.C. § 1983, or any other statute, as the basis of his claim or articulate a cognizable legal theory thereunder; however, to the extent he did not intend to allege a deprivation of rights under a federal

Page 2 - OPINION AND ORDER

$30 million in damages. On July 21, 2014, this Court granted plaintiff's motion to proceed in forma pauperis ("IFP"). On September 18, 2014, defendant filed a motion to dismiss. Plaintiff did not file any opposition to defendant's motion.

## STANDARD OF REVIEW

Under 28 U.S.C. § 1915(e), the court must dismiss an IFP complaint, either sua sponte or pursuant to a motion made by the opposing party, if it "is frivolous or malicious" or "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B); Lopez v. Smith, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc).

Similarly, where the plaintiff "fails to state a claim upon which relief can be granted," the court must dismiss the action. Fed. R. Civ. P. 12(b)(6). To survive a motion to dismiss, the complaint must allege "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). For purposes of a motion to dismiss, the complaint is liberally construed in favor of the plaintiff and its allegations are taken as true. Rosen v. Walters, 719 F.2d 1422, 1424 (9th Cir. 1983). However, bare assertions that amount to nothing more than a "formulaic recitation of the elements" of a claim "are conclusory and not entitled to be assumed true."

---

statute, this Court lacks subject-matter jurisdiction. See 28 U.S.C. §§ 1331-1332.

Page 3 - OPINION AND ORDER

Ashcroft v. Iqbal, 556 U.S. 662, 681 (2009). Rather, to state a plausible claim for relief, the complaint "must contain sufficient allegations of underlying facts" to support its legal conclusions. Starr v. Baca, 652 F.3d 1202, 1216 (9th Cir. 2011), cert. denied, 132 S.Ct. 2101 (2012).

**DISCUSSION**

Defendant contends that plaintiff's complaint is both frivolous and fails to state a claim upon which relief may be granted. In the alternative, defendant asserts that the Court lacks personal and subject-matter jurisdiction.

Plaintiff is proceeding pro se in this matter, therefore his pleadings are "held to less stringent standards" than those drafted by lawyers. Florer v. Congregation Pidyon Shevuyim, N.A., 639 F.3d 916, 923 n.4 (9th Cir. 2011), cert. denied, 132 S.Ct. 1000 (2012). Nevertheless, even construing plaintiff's pleadings in the most favorable and liberal light, his complaint is dismissed for two reasons.

First, the Eleventh Amendment "bars suits in federal court [for damages] against a state and its agencies brought by its own citizens and citizens of other states." In re Jackson, 184 F.3d 1046, 1049 (9th Cir. 1999) (citations omitted). Defendant is a political subdivision of the State of Washington and has not consented to suit. See Pennhurst State Sch. & Hosp. v. Halderman, 465 U.S. 89, 100-01 (1984) (a state waives sovereign immunity under

Page 4 - OPINION AND ORDER

the Eleventh Amendment only by explicitly consenting to suit). Further, plaintiff's only requested relief is "30,000,000 million dollar[s]." Compl. at pg. 5. Accordingly, defendant is entitled to sovereign immunity.

Second, plaintiff's claim fails at the pleadings level. In its entirety, the complaint consists of one paragraph devoid of context or factual content. The attachments to plaintiff's complaint reveal only that he previously received food and medical benefits, but failed to comply with defendant's requirements in order to continue such benefits. The attachments fail to support a cognizable claim of wrongful conduct by defendant. Further, plaintiff's 42 U.S.C. § 1983 claim is time barred to the extent it is based on events that transpired prior to July 2012. See Cholla v. Ready Mix, Inc., 382 F.3d 969, 974 (9th Cir. 2004) (Oregon applies a two-year statute of limitations to 42 U.S.C. § 1983 claims).[2] Moreover, plaintiff failed to allege the existence of an agency policy, custom, or practice that was the moving force behind the alleged deprivation of rights at issue, which is a requisite element. See Mabe v. San Bernadino Cnty. Dep't of Pub. Soc. Serv., 237 F.3d 1101, 1111 (9th Cir. 2001) (outlining the elements for 42 U.S.C. § 1983 claims

---

[2] Defendant applies Washington's three-year statute of limitations to plaintiff's 42 U.S.C. § 1983 claim. Def.'s Mot. to Dismiss 5. The Court need not resolve this discrepancy because plaintiff's claim is time barred under either standard, as he alleges that defendant's wrongful conduct took place in September 2004.

Page 5 - OPINION AND ORDER

asserted against public bodies). For these reasons, defendant's motion is granted.

Finally, as this Court recently noted, plaintiff "has filed at least forty pro se complaints in the U.S. District Courts for the District of Oregon and the Western District of Washington," several of which have already been dismissed as frivolous. Bobo v. Plymouth Housing Grp., 2014 WL 6085858, *2 (D.Or. Nov. 7, 2014) (citations omitted). The Court therefore cautions plaintiff against filing further lawsuits that lack a reasonable basis in law or fact.

## CONCLUSION

Defendant's motion to dismiss (doc. 12) is GRANTED and this case is DISMISSED. All pending motions are denied as moot.

IT IS SO ORDERED.

Dated this 11th day of December 2014.

_____
Ann Aiken
United States District Judge